# EXHIBIT 2a

**Exhibit 2a**

Filed: 10/7/2021 4:30 PM
Lynne Finley
District Clerk
Collin County, Texas
By Pam English Deputy
Envelope ID: 57993839

471-05546-2021

CAUSE NO. _____

| | | |
|---|---|---|
| **MARGARET QI** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **KROGER TEXAS L.P.** | § | |
| | § | |
| | § | |
| *Defendant.* | § | \_\_\_\_**JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Margaret Qi (hereinafter "Plaintiff"), complains of Defendant, Kroger Texas L.P. (hereinafter "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Collin County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seek monetary relief of no more than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff further plead that the amount in controversy in this matter does not exceed $75,000.00.

### Parties

4. Plaintiff is an individual residing in Collin County, Texas.

5.      Defendant, Kroger Texas L.P. is an Ohio business entity engaged in business in Collin County, Texas. Defendant may be served by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco., at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### Misnomer and Alter Ego

6.      In the event that any parties are misnamed or not included herein, it is Plaintiff's contention that such was a misnomer and/or such parties are/were alter egos of parties names herein. Specifically, it is Plaintiff's intent to bring suit against the owners and/or operators of Kroger.

### Facts

7.      At all times material hereto, Plaintiff was an employee of Defendant. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about May 8, 2021. At that time, while in the course and scope of her employment with Defendant at Defendant's business at 1320 W McDermott Drive, Allen, Texas 75013. Plaintiff was on the clock when she slipped and fell in the floral department. As a direct and proximate result of the slip and fall, Plaintiff sustained serious and permanent physical injuries.

8.      Defendant was not a subscriber to a policy of workers' compensation insurance at the time of the incident, and thus Plaintiff brings this suit for damages under the provisions of Section 406.033 of the Texas Labor Code for personal injuries while in the course and scope of his employment with Defendant.

### Non-Subscriber under the Texas Workers' Compensation Act

9.      Defendant, as a non-subscriber under the Texas Workers' Compensation Act, and pursuant to Section 406.033 of the Texas Labor Code, has lost its common law defenses of:

   a. contributory negligence of Plaintiff;

   b. that the injury was caused by the negligence of a fellow employee; and/or

2

c. that the Plaintiff assumed the risk of the injury incident to his employment.

### Negligence

10. On the occasion in question, Defendant was guilty of the following acts of negligence:

    a. Failed to provide an adequately safe work environment for the work that Plaintiff was hired to perform;

    b. Negligently conducted active operations on the premises;

    c. Negligent hiring and/or retention of employees;

    d. Negligent training and/or supervision of their employees, invitees and subcontractors;

    e. Acting in a manner below the applicable standard of care;

    f. And other acts so deemed negligent.

11. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

### Damages

12. As a result of the above-described actions of Defendant, Plaintiff has suffered actual damages within the jurisdictional limits of this Court. By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

    a. Past and future medical expenses;

    b. Past and future pain, suffering and mental anguish;

    c. Past and future physical impairment;

    d. Past and future physical disfigurement; and

    e. Past lost wages and future loss of earning capacity.

### Rule 193.7 Notice

13. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Initial Disclosures

14. Pursuant to Texas Rules of Civil Procedure 194, Defendant must, without awaiting a discovery request, provide the information or materials described in TEXAS RULE OF CIVIL PROCEDURE 194.2 within 30 days of being served with this petition.

### Jury Demand

15. Plaintiff hereby demands a trial by jury.

### Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which she may be justly entitled.

*[Signature Block on Next Page]*

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Jared W. Capps*
Jared W. Capps
Texas State Bar No. 24085236
jcapps@daspitlaw.com
600 N. Pearl St., Suite 2205
Dallas, Texas 75201
Telephone: (214) 307-6226
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carla Vela on behalf of John Daspit
Bar No. 24048906
cvela@daspitlaw.com
Envelope ID: 57993839
Status as of 10/8/2021 2:03 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alma Lira | | Alira@proactivelegal.com | 10/7/2021 4:30:59 PM | SENT |
| Carla Vela | | cvela@daspitlaw.com | 10/7/2021 4:30:59 PM | SENT |
| DLF Intake | | intake@daspitlaw.com | 10/7/2021 4:30:59 PM | SENT |
| Jared W.Capps | | jcapps@daspitlaw.com | 10/7/2021 4:30:59 PM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 10/7/2021 4:30:59 PM | SENT |
| Thompson Du | | du@daspitlaw.com | 10/7/2021 4:30:59 PM | SENT |
| John A Daspit | 24048906 | Eservice@daspitlaw.com | 10/7/2021 4:30:59 PM | SENT |